UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM VASQUEZ,

                          Plaintiff,

               -against-

JOHN DOE(S), ORANGETOWN POLICE OFFICERS, ET AL.,

                          Defendant.

20-CV-5851 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, currently incarcerated in Rockland County Correction Center, brings this action *pro se* and *in forma pauperis* ("IFP").[1] By order dated October 1, 2020, the Court directed the Clerk of Court to add Rockland County Sheriff Louis Falco III as a defendant under Rule 21 of the Federal Rules of Civil Procedure, and directed service on Sheriff Falco. (ECF No. 7.) On October 15, 2020, Plaintiff filed an amended complaint adding as defendants Orangetown Police Officers Michael Warren and Thomas Murray; South Nyack-Grand View Police Officers A. Esposito, and P. Van Cura; the Orangetown and South Nyack-Grand View Police Departments; the Pavion Apartments; and Pavion employees Simcha Ungar, Chaim M. Sterkel, and Christine Santaite. (ECF No. 12.) On October 28, 2020, service was effected on Sheriff Falco, and counsel for Sheriff Falco entered notices of appearance. On November 2, 2020, the Court received a letter from Plaintiff requesting that the Court issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), directing the Town of Orangetown to assist Plaintiff in identifying an

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). In granting Plaintiff's IFP application, the Court noted that Plaintiff has been recognized as barred from proceeding IFP under the Prison Litigation Reform Act's "three-strikes" rule, but determined that the complaint sets forth allegations that Plaintiff was in imminent danger of serious physical harm at the time he filed the complaint, and therefore meets the exception to the rule. *See* 28 U.S.C. § 1915(g).

Orangetown Police sergeant. The Court issued that order on December 1, 2020. (ECF No. 18.) On December 9, 2020, Plaintiff filed a letter stating that he had identified the sergeant on his own and a second amended complaint adding Sergeant Whalen as a defendant. (ECF No. 21.) The second amended complaint is now the operative pleading.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     Claims against Orangetown and South Nyack-Grand View Police Departments**

Plaintiff's claims against the Orangetown Police Department and the South Nyack-Grand View Police Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter,

includes only a county, town, city and village."). The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Service on remaining defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and second amended complaint until the Court reviewed the second amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the second amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Michael Warren, Shield #242; Thomas Murray, Shield #217; Sergeant N. Whalen, Shield #212; A. Esposito, Shield #70, P. Van Cura, Shield #21; the Pavion Apartments; Simcha Ungar; Chaim M. Stekel; and Christine Santiate through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals

Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's claims against the Orangetown Police Department and the South Nyack-Grand View Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to issue summonses and to complete the USM-285 forms with the addresses for Michael Warren, Shield #242; Thomas Murray, Shield #217; Sergeant N. Whalen, Shield #212; A. Esposito, Shield #70; P. Vancura, Shield #21; the Pavion Apartments; Simcha Ungar; Chaim M. Stekel; and Christine Santiate, and deliver to the U.S. Marshals all documents necessary to effect service on these defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 10, 2020
White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Michael Warren, Shield #242
   Orangetown Police Department
   26 Orangeburg Road
   Orangeburg, NY 10962

2. Thomas Murray, Shield #217
   Orangetown Police Department
   26 Orangeburg Road
   Orangeburg, NY 10962

3. A. Esposito, Shield #70
   South Nyack – Grand View Police Department
   282 South Broadway
   Nyack, NY 10960

4. P. Van Cura, Shield #21
   South Nyack – Grand View Police Department
   282 South Broadway
   Nyack, NY 10960

5. The Pavion Apartments
   66 Cedar Hill Avenue
   Nyack, NY 10960

6. Simcha Ungar
   The Pavion Apartments
   66 Cedar Hill Avenue
   Nyack, NY 10960

7. Chaim M. Stekel
   The Pavion Apartments
   66 Cedar Hill Avenue
   Nyack, NY 10960

8. Christine Santaite
   The Pavion Apartments
   66 Cedar Avenue
   Nyack, NY 10960

9. Sergeant N. Whelan, Shield #212
   Orangetown Police Department
   26 Orangeburg Road
   Orangeburg, NY 10962