UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X     20-cv-5851(CS)
KIM VASQUEZ,

                                              **DECLARATION**
                        Plaintiff,          **IN OPPOSITION**

      -against-

POLICE OFFICERS MICHAEL WARREN,
THOMAS MURRAY, A. ESPOSITO & P.VAN
CURA, PAVION APARTMENTS, SIMCHA
UNGAR, CHAIM M. STEKEL, CHRISTINE
SANTAITE (ALL IN THEIR INDIVIDUAL
CAPACITIES) and SERGEANT N. WHELAN,
#212, and OFFICER PATRICK CASEY #247,

                       Defendants.
------------------------------------------------------------------X

       John J. Walsh, an attorney duly admitted to practice in this Court hereby affirms the following:

       1. I am counsel for the Defendants PCLICE OFFICERS MICHAEL WARREN, THOMAS MURRAY, SERGEANT N. WHELAN AND OFFICER PATRICK CASEY in this matter, and respectfully submit the following opposition to Plaintiff's "Motion to Compel Discovery".

       2. Initially, none of the individually named Defendants are in possession of any of the items complained of by Plaintiff

       3. However, as the Officers represented by this office are all employees of the Orangetown Police Department, Plaintiff has been provided with exact duplicates of all videos showing the incident at issue in the possession of the Town of Orangetown Police Department with no alterations having been made in any way.

       4. That the time shown on the videos taken by the private surveillance

system of Defendant Pavion, as compared to the time shown on taser generated reports from the police tasers might be minimally at odds is irrelevant in light of the fact that the entire incident at issue is shown on recorded video.

5. To reiterate, video exchanged shows the entirety of the scuffle between the Police and the Plaintiff in which tasers were deployed.

6. That the clocks on the tasers were not synchronized with the clocks on the Pavion surveillance video cameras is not surprising as the tasers were owned by the municipal police departments and the surveillance cameras were owned by the private owners of the building in which the events took place

7. Further, the taser used by Orangetown Police Officer Warren failed and had no effect on the plaintiff.

8. Copies of the relevant videos of the incident in the possession of the Orangetown Police are being hand delivered to the Court for review as Exhibit "A".

9. To avoid wasting the Court's time, videos showing plaintiff entering the Pavion Building and rifling through the drawers of its employee are not being provided as not relevant to the issues which are the subject of this motion. Should the Court wish copies of these additional videos, they will, of course, be made available.

10. As the Court will see from the videos provided, from his assault on the first responding officer at approximately one minute and 20 seconds into the first video, until the end of the last video, showing plaintiff being led from the building, the entire contact between the plaintiff and the police at the scene was recorded and has been produced in Discovery.

11. As can be seen from the attachments to the plaintiff's motion, the taser reports have also been provided.

12. For plaintiff, who has yet to produce any discovery to defendants, to complain about production from defendants based on unsupported claims "with respect to the time of the video, the acts on the video, and the Axon Taser Report", when complete videos and unredacted Taser Reports have been provided, is indicative of plaintiff's desperate attempts to find wrongdoing on the part of the defendants, when, as can be seen from the attached Supporting Depositions (Exhibit "B"), it was plaintiff who entered private property uninvited, grabbed the 'backside" of Stephanie Hesington, stole credit cards from Christine Santaite, and as seen on the video, assaulted Police Officer Warren.

13. Wherefore, it is respectfully submitted to the Court that all recordings of the incident at issue in the possession of the Orangetown Police Department have been provided herein.

DATED: White Plains, New York
       June 3, 2021

Respectfully submitted,

JOHN J. WALSH (4092)